UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL JOSEPH,

    Plaintiff,

v.                                  CASE NO.: 0:19-62397-CIV-DIMITROULEAS

JAMES E. MCREADY d/b/a
HYDE PARK HOTEL,

    Defendant.
_____/

**ORDER GRANTING MOTION TO TRANSFER**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss or, in the Alternative Motion to Transfer [DE 10] (the "Motion"). The Court has carefully considered the Motion [DE 10], Plaintiff's Response [DE 11], and Defendant's Reply [DE 13] and is otherwise fully advised in the premises. For the reasons stated herein Defendant's motion to dismiss the complaint is denied in part. The Court transfers this case to the Middle District of Florida.

**I.**      **BACKGROUND**

Plaintiff Michael Joseph ("Plaintiff") filed a Complaint [DE 1] against Defendant James McReady d/b/a Hyde Park Hotel ("Defendant") on September 26, 2019, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, and the ADA's Accessibility Guidelines, 28 C.F.R. § 36. Compl. 1 [DE 1]. Plaintiff contends that he qualifies as an individual with disabilities as defined by the ADA and, as such, is entitled to certain protections. Compl. ¶ 6. Plaintiff identifies as an ADA "tester" who monitors and determines whether places of public accommodation and their online reservation systems comply with the ADA. Compl. ¶ 7.

Defendant owns and operates the Hyde Park Hotel, which is located in Tampa, Florida. Compl. ¶ 8. As a place of lodging, the Hyde Park Hotel is considered a place of public accommodation. Compl. ¶ 11.

Plaintiff alleges that Defendant, through its website and other online platforms allows members of the public to book or reserve guest accommodations at the Motel via an online reservation system. Compl. ¶ 18

Regulations promulgated under the ADA require hotels to maintain reservation systems by which disabled individuals can book reservations in accessible lodgings and in the same manner that non-disabled individuals make reservations. 28 C.F.R. § 36.302(e). These regulations require that places of lodging sufficiently identify and describe their accessible features. Plaintiff claims Defendant's website lacks sufficient information regarding the accessible features of the property. Compl. ¶ 21, 22. Additionally, Plaintiff claims that Defendant may fail to comply with additional provisions of 28 C.F.R. § 36.302(e). Compl. ¶ 24

Plaintiff alleges that venue is appropriate in the Southern District of Florida because Plaintiff encountered Defendant's ADA violations in the District and Plaintiff's injury occurred in the District. Compl. ¶ 5.

**II.    DISCUSSION**

Defendant argues that the Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(3) for improper venue. [DE 10] In the alternative, Defendant requests the Court transfer the case to the United States District Court for the Middle District of Florida.

   *A. Applicable Standard*

"When responding to a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of demonstrating that venue in the forum is proper." *Whitwam v. JetCard Plus, Inc.*, 34 F.

Supp. 3d 1257, 1259 (S.D. Fla. 2014). Though, "a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *Id.*

Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject matter of the action is situated; or
(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

29 U.S.C. § 1391(b). If the court determines venue is improper, it may either dismiss the action or transfer the case to "any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.§ 1404(a).

### B. *Venue is Improper in the Southern District of Florida*

Plaintiff's Complaint alleges Defendant is located in Tampa, Florida. Compl. ¶ 8. As such, venue would only be proper in the Southern District of Florida if "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2).

In the Complaint, Plaintiff alleges venue is proper in the Southern District because Plaintiff encountered Defendant's ADA violations in the District and Plaintiff's injury occurred in the District. Compl. ¶ 5. Thus, Plaintiff alleges that venue is proper in this district because he suffered injury here when he accessed Defendant's discriminatory websites at her home in Broward County, Florida. In the Motion, Defendant argues that Plaintiff fails to allege that it engaged in any activity or omission in the Southern District of Florida. As such, Defendant contends Plaintiff cannot establish that a substantial part of the events giving rise to the Complaint occurred in this District. Based on the following, this Court agrees with Defendant.

3

When determining where "a substantial part of the events or omission given rise to the claim occurred, 28 U.S.C. § 1391 (b)(2), the Eleventh Circuit provides that "[o]nly the events that directly give rise to a claim are relevant. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In conducting such an analysis, a court should focus on the relevant conduct of the defendant rather than the plaintiff. *Id.* at 1371-72 (citing *Woodke v. Dahm*, 70 F.3d 983 (8th Cir, 1995). Therefore, this Court conducts a venue inquiry by first determining what acts or omissions by Defendant gave rise to Plaintiff's claim. *Id.* at 1372. With respect to the Defendant's activities, (1) Defendant owns and operates a hotel in Tampa, Florida; (2) Defendant, through its website and possibly third-party platforms, allows guests to reserve accommodations at the hotel via an online reservation system; and (3) Defendant's reservation systems are non-compliant with ADA standards for online reservation systems. All of these events occurred in the Middle District of Florida. The only act related to Plaintiff's claim that occurred in the Southern District of Florida is Plaintiff's unilateral act of accessing Defendant's website in the District. Following the Eleventh Circuit's analysis in *Jenkins*, the Court finds that a substantial part of the events occurred in the Middle District of Florida.

In *Poschmann v. Ponte Vedra Corporation*, a Plaintiff brought a similar claim against a hotel, for the hotel reservation system's non-compliance with 28 C.F.R. § 36.302(e). *See* No. 18-14321-CV, 2018 WL 7890201, at *1 (S.D. Fla. Dec. 27, 2018). The court in *Ponte Vedra* held that venue was improper in the Southern District of Florida as the defendant maintained a website that could be accessed there, but otherwise owned and operated hotels in the Middle District of Florida. *Id.* at *1-3. The court in *Ponte Vedra* also expressed concerns over the "far-reaching implications" of conferring venue in virtually any district where a hotel's website could be accessed:

4

> If Plaintiff were right that the simple act of accessing Defendants' websites is sufficient to confer venue, Plaintiff would be able to establish venue in his home district over any hotel in the country that maintains a website that can be accessed by Plaintiff and that violates these regulations under the ADA. Such a rule would drastically widen the scope of the current venue statute, and I do not adopt an interpretation of that statute that would produce such far-reaching results.

*Id.* The Court shares these concerns over the scope and fundamental fairness of conferring venue in cases like the present.

### III.  CONCLUSION

Even in accepting Plaintiff's allegations as true, the Court finds venue improper in the Southern District of Florida. As the Court has discretion to transfer or dismiss the case, s*ee Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018), and both Parties requested that the Court transfer the case in the alternative, *see* [DE 10] p. 4, [DE 11] p. 11, the Court will transfer this case to the United States District Court for the Middle District of Florida.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion is **DENIED in part**; Defendant's request to dismiss the Complaint is denied.
2. The Clerk is directed to **TRANSFER** the above-styled case to the Middle District of Florida.
3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of March, 2020.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All counsel of record